# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DIANNA CRETEN-MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 09-0140-CV-W-FJG |
| WESTLAKE ACE HARDWARE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is plaintiff's Motion to Remand (Doc. No. 4).

## I. BACKGROUND

Plaintiff worked as a front-end supervisor for Westlake Ace Hardware in Independence, Missouri, where store manager, Randy White, was her supervisor. During the course of plaintiff's employment at the Independence store, White allegedly treated plaintiff differently than her male co-workers. Specifically, White treated her unequally with regards to hours worked, deduction of sick pay, and his interactions with her. Following a complaint plaintiff made to Westlake Ace's corporate office in June 2007 regarding these issues, White retaliated against plaintiff by implementing and enforcing disciplinary policies solely against plaintiff. On August 20, 2007, plaintiff reported to police that White had assaulted her at work while she was trying to obtain a personal fax from White, which he had taken from her. Later that day, she was fired by Petra De Leon and Brian Richards.

Plaintiff brings this action against Westlake Ace Hardware, Randy White, and Petra De Leon for violations of the Missouri Human Rights Act as well as for common law retaliatory discharge. Plaintiff is a citizen of Missouri as are defendants White and De

Leon. Westlake Ace is a citizen of Delaware and Kansas. At the time this action was removed, White and De Leon had not been properly served with process.

## II. LEGAL STANDARD

> It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See, generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. In re Amoco Petroleum Additives, Co., 964 F.2d 706, 708 (7th Cir. 1992); Carroll v. Gold Medal of Tennessee, Inc., 869 F.Supp. 745, 746 (E.D. Mo. 1994).

Williams v. Safeco Insur. Co. of America, 74 F.Supp.2d 925, 928 (W.D. Mo. 1999).

"Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Dev. Inc. v. Central Nebraska Public Power & Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, at *2 (D. Neb. Oct. 11, 2005) (citing Shamrock Oil & Gas Corp., 313 U.S. at 107-09).

## III. DISCUSSION

The issue presented in this case is whether the existence of non-diverse, resident defendants that had not been served at the time of removal precludes this Court from exercising jurisdiction over this action. Under 28 U.S.C. § 1441(a), any action brought in state court over which a federal district court would have original jurisdiction may be removed to federal court by defendants. Additionally, 28 U.S.C. § 1441(b) further limits removability of cases based on diversity jurisdiction by requiring that no properly joined and served defendant be a resident of the state in which the action is filed.

Before plaintiff properly served the individual defendants, defendant Westlake Ace

removed this case to federal court based on diversity jurisdiction. Westlake Ace argues that, under § 1441(b), the non-served Missouri defendants should be ignored when determining whether diversity exists. However, defendant Westlake Ace fails to recognize that before reaching the inquiry under § 1441(b), the Court must determine whether the action would have been one falling under the Court's original jurisdiction as required under § 1441(a). See Pecherski v. General Motors Corp., 636 F.2d 1156, 1160 (8th Cir. 1981) ("Section 1441(b) does not qualify the requirement of complete diversity; rather, it further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought."). This case could not have originally been brought in federal court because complete diversity does not exist between plaintiff and the two individual defendants, all of whom are citizens of Missouri. For purposes of determining whether this case could have originally been brought in federal court, the Court considers whether any defendant, served or unserved, destroys complete diversity. See Webb v. Officemax, Inc., No. 07-0403-CV-W-ODS, 2007 WL 1847195, at *1 (W.D. Mo. June 25, 2007) (considering unserved defendant's citizenship when determining whether complete diversity existed between parties). Thus, the court lacks subject matter jurisdiction over this action.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's Motion to Remand (Doc. No. 4), and this case is **REMANDED** to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit

3

Case 4:09-cv-00140-FJG   Document 12   Filed 04/16/09   Page 3 of 4

Court of Jackson County, Missouri as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**


Date: 4/16/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge